IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAUNA ALVANOS and STEPHEN ALVANOS,

                              Plaintiffs,                OPINION AND ORDER

    v.
                                                        24-cv-69-wmc

HEARTLAND CREDIT UNION, JEFF RAUCH,
SHAY SANTOS, APRIL OSHIRO, PROPERTY
SERVICES OF MADISON, PHIL KLEIBOER,
and PHIL AND HEATHER REVOCABLE TRUST
DATED MARCH 2015,

                              Defendants.

---

      Plaintiffs Shauna and Stephen Alvanos, who represent themselves, allege that defendant Heartland Credit Union and three of its employees -- defendants Jeff Rauch, Shay Santos, and April Oshiro -- conspired with Phil Kleiboer, the owner of Property Services of Madison, to buy their home without their consent for too low of a price, in violation of federal laws prohibiting housing discrimination. Because plaintiffs seek to proceed without prepayment of the entire filing fee, the next step is to screen their complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiffs' allegations as true and construes them generously, holding their pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the following reasons, the court concludes that plaintiffs' current

allegations fail to state a claim upon which relief can be granted, but they will be given a brief opportunity to amend their complaint as outlined below.

OPINION

While it is not entirely clear from the complaint, plaintiffs seem to be alleging that Heartland Credit Union ("HCU") in Madison, Wisconsin, and three of its employees (Rauch, Santos, and Oshiro) conspired to sell their home to Phil Kleiboer and/or his trust for $200,000 on June 1, 2023, in violation of federal law prohibiting housing discrimination. Plaintiffs allege that HCU would not consider Social Security Disability Income ("SSDI") in evaluating their eligibility for a mortgage and told them they needed a co-signor. While plaintiffs also allege that they worked with HCU for a year to obtain a $232,000 mortgage on their home, which had an assessed value of $335,000, they claim that "Rauch and Oshiro offered $150,000" on May 23, 2023; "Kleiboer stole [the] home for $200k" on June 1, 2023, and HCU had "possession of appraisal done" for Kleiboer on May 18, 2023. (Dkt. #1, at 3.) It appears from court records publicly available online, *see* https://wcca.wicourts.gov/, that plaintiffs filed a civil lawsuit against the same defendants in Dane County Case No. 2024CV257, but that case was dismissed and is currently on appeal in Wisconsin Court of Appeals Case No. 2024AP1029. In addition, Kleiboer sought and obtained a writ of eviction against plaintiffs in October 2023. *See Kleiboer v. Alvanos*, Dane County Case No. 2023 SC5265 (filed Sept. 5, 2023).

Plaintiffs identify the following statutes, regulations, and policies as giving rise to their claims: (1) the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19; (2) Executive Order 12892 regarding leadership and coordination of fair housing in federal programs; (3)

regulations implementing the FHA and setting forth requirements for Housing and Urban Development ("HUD") programs, 24 C.F.R. §§ 5.105 *et. seq.*; (4) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d-1; and (3) Section 204 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. While the executive order and the regulations do not give plaintiffs the authority to bring any claim, the FHA, Title VI, and § 504 of the Rehabilitation Act allow private individuals to bring a complaint in federal court to address certain types of housing discrimination. *See* 42 U.S.C. § 3613(a)(3) (civil action under FHA may be filed in federal court "whether or not complaint has been filed" with Department of Housing and Urban Development ("HUD")); *Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (private individuals may sue under § 504 of Rehabilitation Act and Title VI to address allegations of *intentional* discrimination). Specifically, "[t]he FHA allows for a plaintiff to bring a claim for discrimination in housing-related activities on the basis of several, prohibited grounds, including race, color, religion, sex, familial status, national origin, and disability." *Kummerow v. Ohawcha.org*, No. 21-cv-635-wmc, 2022 WL 873599, at *3 (W.D. Wis. Mar. 24, 2022); *see also Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 859 (7th Cir. 2018). Title VI prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. *See* 42 U.S.C. § 2000d; *Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521 (7th Cir. 2014). Finally, the Rehabilitation Act, 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

To state a claim for intentional discrimination under any of these statutes, plaintiffs must identify the type of discrimination they experienced, who participated in it, and when it happened. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Here, plaintiffs have not alleged with any clarity who defendants are, what they each did to discriminate against plaintiffs, what federal program or assistance was involved, and what protected ground or grounds applies to plaintiffs. *See Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521 (7th Cir. 2014). *See Kummerow v. Ohawcha.org*, No. 21-CV-635-WMC, 2022 WL 873599, at *3 (W.D. Wis. Mar. 24, 2022). For instance, plaintiffs do not allege their race, disability, or any other protected ground on which defendants' allegedly based their discrimination. While plaintiffs say without explanation that HCU did not consider SSDI to be income, this alone does not suggest that HCU discriminated against either of them based on an underlying disability.

Although the court is sympathetic to the hardship plaintiffs describe concerning the loss of their home, they cannot proceed on any of their federal claims of liability. As currently pleaded, the complaint fails to give defendants notice of what plaintiffs believe defendants each did to discriminate against them, and the basis of that discrimination, *see* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"), nor can the court draw the inference that any of these defendants are liable for any misconduct. Even so, the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving them the chance to amend the complaint. *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, plaintiffs may have a brief, one-month window of time to submit a proposed

amended complaint that corrects the deficiencies related to the proposed discrimination claims as described above and set forth a cognizable federal claim that can be adjudicated by this court. Plaintiffs should draft any amended complaint as if they were telling a story to someone who knows nothing about the events at hand, focusing on: providing a timeline of the materials events; identifying the specific defendants who are being sued; describing the specific, personal actions by each defendant that plaintiffs believe constitute discrimination; and the ground(s) on which the alleged discrimination was based. **Should plaintiffs timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so with thirty (30) days will result in dismissal of their claims with prejudice.**

ORDER

IT IS ORDERED that the complaint filed by plaintiffs Stephen and Shauna Alvanos is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8. Plaintiffs have until **January 3, 2025**, to file an amended complaint that corrects the deficiencies described above. Plaintiffs' failure to file an amended complaint by that deadline will cause the court to dismiss their claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 4th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge